UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | **Criminal No.** |
| v. | ) ) | **18-10279-FDS** |
| **JAMES TALLACH,** | ) ) ) |  |
| Defendant. | ) ) |  |

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO
VACATE ORDER AUTHORIZING PAYMENT

**SAYLOR, C.J.**

This is a motion to vacate an order authorizing payment from the inmate trust account of defendant James Tallach. For the reasons set forth below, that motion will be denied.

**I.   Background**

On July 19, 2019, defendant pleaded guilty as to Counts 1, 2, and 3 of an indictment charging him with the distribution, receipt, and possession of child pornography. (*See* ECF 7; ECF 44). He was sentenced to a 108-month term of imprisonment followed by a ten-year term of supervised release. (ECF 56). In addition, the Court ordered defendant to pay a $300 special assessment and $4,000 in restitution. (ECF 69).[1]

Defendant is currently housed at F.C.I. Edgefield and is scheduled to be released from federal custody in 2026.

On May 19, 2021, the United States filed a motion requesting entry of an order

---

[1] Defendant was ordered to make restitution to four victims in the amount of $1,000 each. (*See* ECF 69 at 6).

authorizing the Bureau of Prisons to turn over to the Clerk of Court all funds held in defendant's inmate trust account as payment toward the financial obligations owed in this case.  (ECF 74).[2]  That same day, the United States served a copy of the motion on defendant by first-class mail.  (*Id.* at 6).

On July 22, 2021, the Court entered an order granting that motion (the "Order").  (ECF 75).  According to statements from defendant's inmate trust account, funds in the amount of $1,563.36 were released on July 28, 2021.  (*See* ECF 77, Ex. B at 3; *see also* ECF 78 at 1).

More than a year later, on December 19, 2022, defendant filed a motion requesting that the Court vacate the Order and "order fact finding and/or review of the issue for good cause shown."  (ECF 77).[3]

## II.  Analysis

Defendant raises three challenges to the Order:  first, that he had no opportunity to object; second, that the Court had ordered restitution to be paid only after his release from prison; and third, that the Court did not determine the source of funds or that they were "substantial."  Each will be addressed in turn.

### A.  Defendant's Opportunity to Object

Defendant first contends that he did not have an opportunity to object to the terms of the Order.  However, the United States served the defendant with a copy of its motion for an order authorizing payment on May 19, 2021, the same day the motion was filed.  (*See* ECF 74 at 6).

---

[2] In its motion, the United States stated that it was "recently informed" that defendant had approximately $1,692.76 in his inmate trust account.  (ECF 74 at 2).  According to defendant, of that amount, $1,400 came from a federal stimulus check, and $292.76 came from his family.  (ECF 77 at 3).

[3] Defendant's motion was received and filed by the clerk on December 27, 2022.

The Order granting that motion was entered on July 22, 2021.[4]  Accordingly, defendant had approximately two months to object to the government's motion but failed to do so.

**B.      Timing of Payments**

Defendant next contends that the Court set his restitution payments to begin only after his release from prison.  (*See* ECF 77 at 6).  He has not, however, cited any document or court transcript supporting that assertion.  The amended judgment indicates that "[u]nless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment."  (ECF 69 at 7).  In addition, pursuant to 18 U.S.C § 3572(d)(1), "[a] person sentenced to pay a fine or other monetary penalty, *including restitution*, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments."  (emphasis added).  Because the Court did not order future payment or establish an installment schedule, the entire amount became due during his period of imprisonment.

**C.      Source and Substantiality of Funds**

Finally, defendant contends that the Court neither determined the source of his funds nor found that those funds were "substantial" prior to issuing its Order.[5]  Pursuant to 18 U.S.C. § 3664(n), a person who "receives substantial resources from *any source* . . . during a period of incarceration . . . shall be required to apply the value of such resources to any restitution or fine

---

[4] The United States has indicated that it served the Order, along with a second copy of the motion requesting an order, on defendant.  (ECF 78 at 2).  Defendant has admitted to receiving this mailing.  (*See* ECF 77 at 5).

[5] Defendant relies on *United States v. Woodring*, 35 F.4th 633 (8th Cir. 2022), in which the defendant appealed an order authorizing a payment from his inmate trust account on the basis that federal stimulus money he had received was not "earned income" as defined in the Internal Revenue Code. *Id.* at 635.  The judgment in *Woodring*, however, had required the defendant to pay "50 percent per month of *earned income* available to him." *Id.* at 634-35 (emphasis added).  Here, the judgment does not contain language to that effect, and thus *Woodring* is not applicable.

still owed." In addition, the United States may use all "available and reasonable means," *id.* § 3664(m)(1)(A), to enforce a victim's "right to full and timely restitution as provided in law," *id.* § 3771(a)(6).

At the time the government filed its motion, defendant had paid only $146.10 toward his special assessment, and nothing toward his restitution obligation, despite accumulating $1,692.76 in his inmate trust account. (ECF 74 at 2).[6] Those funds were a substantial resource, and, accordingly, were properly subject to a court order.

### III. Conclusion

For the foregoing reasons, defendant's motion to vacate the Court's order authorizing payment from defendant's inmate trust account is DENIED.

**So Ordered.**

Dated: February 1, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[6] Pursuant to 18 U.S.C. § 3612(c), money received from a defendant is paid first toward the special assessment and then toward restitution.